Tueley, J.
delivered the opinion of -the court.
The plaintiff in error was indicted for the offence of promoting and encouraging gaming. Upon trial, the proof showed that he actually gamed. Upon this, two questions are made.
1st. Is promoting and encouraging gaming indictable?
By the 2d section of the act of 1784, ch. 18, it is provided, that any person who shall encourage or promote gaming, upon conviction before a justice of the peace, shall forfeit and pay the sum of five dollars. The 2d section of the act of 1824, ch. 5, makes it the duty of grand jurors, when they shall have a well-grounded belief, that the offence of gaming has been committed, to apply to the court for subpoenas, to bring before them any person or persons as witnesses, whom they may believe-to have a knowledge of such offence; and such witnesses, when they appear, shall give evidence of any offence they may know against any of the statutes to repress and prevent gaming. Now, the act of 1789, ch. 8, is a statute to prevent and repress gaming: and as the act of 1824, ch. 5, makes it the duty of a witness, before a grand jury, to give information of any violation of its provisions, it follows, that if they *399 know of any persons who have encouraged or promoted gaming, it is their duty to inform on them. And for what purpose ? Just to let the grand jurors know, without their having power to act? Certainly not; but with the view, that they may be presented and indicted. 5 Yerger, 144.
But it is said, 2ndly, that the indictment is for promoting and encouraging gaming, and the proof shows the offence to have been one of actual gaming, and, therefore, the allegation in the indictment, is not proven.
We cannot concur in this reasoning. .If standing by and inciting and tempting • others to game, be encouraging and promoting gaming, a fortiori, is the becoming an actual participator therein.
Let the judgment of the circuit court be affirmed.